UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY BAKER,

        Petitioner,                      Case Number 11-10227
                                                        Honorable David M. Lawson

v.

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner Rodney Baker, a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. The petitioner was convicted of two counts of first-degree criminal sexual conduct, three counts of armed robbery, three counts of kidnaping, carjacking, carrying a concealed weapon, possession of a firearm by a felon, and possession of firearm during the commission of a felony following a jury trial in the Genesee County, Michigan circuit court in 1996. He was sentenced as a second-offense habitual offender to concurrent prison terms of 40 to 70 years for criminal sexual conduct, 25 to 50 years for armed robbery, 25 to 45 years for kidnaping, five to seven and one-half years for the concealed weapon and felon in possession offenses, a consecutive prison term of 40 to 70 years for carjacking, and a two-year consecutive term for the felony firearm conviction. In this Court, the petitioner challenges the effectiveness of trial and appellate counsel, the reliability of the identification procedures, and the denial of a severance request. He has requested an evidentiary hearing. The respondent answered to the petition and filed a motion for summary judgment, contending that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d)(1). The Court concludes that the

petition is untimely and that the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will grant the motion for summary judgment and dismiss the petition.

I.

The petitioner's convictions all stem from his assaults of three women with co-defendant David Green in Flint, Michigan in 1995. The Michigan Court of Appeals described the facts of the case as follows:

> In the early morning hours of July 21, 1995, three female friends left a bar in the city of Flint, intending to drive to a friend's house. The women rode in a convertible with the top down. When they arrived at a red traffic signal next to another automobile, defendant Green got out of the other automobile and jumped into the back seat of their convertible. Startled, the women told Green to leave the convertible, but he refused. Instead, he told them to drive through the intersection, turn at the next street, and stop the car. As they passed through the intersection, Green removed a gun from his shorts. When they pulled over, Green demanded money from the women, who had only $7. Green told them it was not enough and struck the driver in the mouth with the barrel of his gun, knocking out three of her teeth. Then, pursuant to Green's instructions, the women stepped out of the convertible and the driver handed her car keys to Green. Defendant Baker appeared as the women got out of the convertible. Green told the women to strip and Baker said, "Don't make them do that, not here." Green then urinated on the face of the woman who had been driving the convertible. When he finished, he announced that they needed more money and told the women to get back into the convertible. The women rode in the back seat while Green drove with the convertible's top up. Baker sat in the front passenger seat holding the gun. Green stopped the car at a bank machine and, using ATM cards and PIN numbers taken from the women, he withdrew a total of $200 from two accounts.
>
> The group then resumed driving. Baker and Green repeatedly told the women that they were going to kill them. At one point, Green angrily ordered the woman he had urinated on to climb up to the front seat. When she came forward, Baker made her sit in front of him on the floor of the convertible and perform oral sex on him. Green then stopped the convertible and ordered one of the other women to get out. After she stepped out of the car, Green asked her to perform oral sex on him. When she refused, Green hit her face five or six times and pushed her back into the car. Green then drove the group to a narrow fenced alley behind a school and parked. Baker took the woman who had performed oral sex on him to an area in front of the car, ordered her to lie on the ground, and raped her. At the same time, Green took the second woman he had hit to an area in back of the car, forced her to undress, and

> then raped her on the trunk of the convertible. The third woman was told to lie in the back seat.
>
> Eventually, all parties entered the car and Green drove to a house near a field. On the way, Baker and Green told the women that they wanted the car radio. They also asked the women if they could have their telephone numbers and be friends. When they arrived at the house, Baker left the car and returned a short time later with a screwdriver. After driving around some more, Baker and Green removed the radio. The defendants then argued about splitting up the money and about who would get the radio. Baker left with the radio and Green wiped down the car with a towel. When he was done, Green told the women they could leave. The women then drove the convertible to a restaurant and called the police. At trial, Green testified on his own behalf. He denied having a gun and urinating on one of the women, and he described the rest of the night's events as being consensual.

*People v. Green & Baker*, 228 Mich. App. 684, 688-90, 580 N.W.2d 444, 447-48 (1998).

Following his convictions and sentences, the petitioner filed a direct appeal in the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence to support the carjacking conviction, the validity of his habitual offender sentence, and his opportunity for allocution at sentencing. The court affirmed his convictions and sentence. *Id*. at 699, 452. The Michigan Supreme Court denied leave to appeal on December 30, 1998. *People v. Baker*, 459 Mich. 935, 615 N.W.2d 734 (1998).

Over eight years later, on August 7, 2007, the petitioner filed a motion for relief from judgment in the state trial court raising his present claims. The trial court denied the motion on November 8, 2007. The state appellate courts denied the petitioner's application's for leave to appeal, the last action having occurred on November 23, 2009. *People v. Baker*, No. 288661 (Mich. Ct. App. Apr. 2, 2009) (unpublished); *People v. Baker*, 485 Mich. 975, 774 N.W.2d 900 (2009).

The petitioner signed his habeas petition on January 6, 2011 and it was filed by the Court on January 19, 2011. The respondent has filed an answer to the petition and a motion for summary

judgment. The petitioner has not filed a reply to the answer, nor has he responded to the summary judgment motion.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by that section must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765-66 (E.D. Mich. 2002).

The petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied his direct appeal on December 30, 1998. His conviction

became final 90 days later, on or about March 30, 1999. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009); S. Ct. R. 13(1). Therefore, the petitioner was required to file his habeas petition on or before March 30, 2000, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The petitioner did not file his motion for relief from judgment in the state trial court until August 7, 2007. The one-year period expired well before then. A state court post-conviction motion that is filed after the limitations period expired cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Even if it did for some reason, the petitioner waited more than a year after the conclusion of his motion for relief from judgment proceedings to institute this action. The petition is, therefore, untimely.

The petitioner does not contend that the State created an impediment to a timely filing, that his claims are based upon newly-discovered facts, or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D). He is not entitled to statutory tolling of the one-year period. His petition is untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). But the Supreme Court has cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The petitioner does not assert that he is entitled to equitable tolling on the one-year period. The fact that he is untrained in the law, may have been proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated pro se petitioner" does not excuse late filing); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Additionally, because that the petitioner's convictions became final in 1999, he did not file his state court motion for relief from judgment until 2007, and he waited more than one year after the conclusion of those proceedings to file this action, it cannot be said that he diligently pursued his claims. The petitioner is not entitled to equitable tolling.

The Sixth Circuit also has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner makes no such showing. His conclusory claims of innocence do not warrant equitable tolling. His habeas petition is therefore untimely and must be dismissed.

### III.

The Court finds that the petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The Court further finds that the petitioner has not established that he is entitled to statutory or equitable tolling of the one-year limitations period. The Court, therefore will the respondent's motion for summary judgment and dismiss the habeas petition as untimely.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---